**IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH**

**CENTRAL DIVISION**

| | |
|---|---|
| **MRSI INTERNATIONAL, INC., a Nevada Corporation,** | |
| **Plaintiff,** | **MEMORANDUM DECISION AND ORDER** |
| **vs.** | |
| **BLUESPAN, INC., a Delaware Corporation,** | **Case No. 2:05CV00896 DAK** |
| **Defendant.** | |

This matter is before the court on Plaintiff MRSI International, Inc.'s Motion to Dismiss or Strike Counterclaims of Defendant Bluespan, Inc. as contained in Defendant Bluespan, Inc.'s Original Answer and Counterclaims ("Answer and Counterclaims"). The court has determined that oral argument would not assist in deciding this motion, and thus the oral argument currently set for October 11, 2006 is vacated.

## BACKGROUND

On October 28, 2005, MRSI International, Inc. ("MRSI") filed a Complaint against Bluespan, Inc. ("Bluespan") alleging infringement of United States Patent Numbers 6,084,517 ("517 patent") and 6,304,186 ("186 patent"). On May 18, 2006, Bluespan served its Answer and Counterclaims. In addition to denying MRSI's claims, Bluespan asserted a number of affirmative defenses. These include, but are not limited to, defenses that (a) "Bluespan has not

1

and does not infringe, contribute to the infringement of, or induce the infringement of the '517 or

'186 patent," and (b) "[e]ach of the claims of the '517 and '186 patents is invalid for failure to

satisfy the conditions of patentability set forth in Title 35, United States Code."

        To protect its rights and ensure resolution of all disputes between the parties relating to

the patents, Bluespan also asserted counterclaims for declaratory judgment on non-infringement

and invalidity.  Bluespan admits that the counterclaims are nearly identical to the two affirmative

defenses listed above.  Before answering Bluespan's counterclaims, MRSI timely filed this

motion seeking to dismiss or strike Bluespan's counterclaims.

## DISCUSSION

        MRSI contends that Bluespan's counterclaims should be stricken because (1) the

counterclaims duplicate the affirmative defenses within Bluespan's Answer, and (2) the

counterclaims are "mirror images" of MRSI's claims.  MRSI bases its motion on Rule 12 of the

Federal Rules of Civil Procedure, which states that "the court may order stricken from any

pleading . . . any redundant, immaterial, impertinent, or scandalous material." FED. R. OF CIV. P.

12(f).  However, "motions to strike are not favored" and "[a]ny doubt as to the striking of a

matter in a pleading should be resolved in favor of the pleading." *Gilbreath v. Phillips

Petroleum Co.*, 526 F. Supp. 657, 658 (W.D. Okla. 1980).  According to the Tenth Circuit, "[a]

court should proceed with extreme caution in striking a pleading." *Colorado Milling & Elevator

Co. v. Howbert*, 57 F.2d 769, 771 (10th Cir. 1932).

        The Supreme Court has affirmed that in patent cases, "the issue of validity may be raised

by a counterclaim in an infringement suit." *Altvater v. Freeman*, 319 U.S. 359, 363 (1943); *see*

*also May v. Carriage, Inc.*, 688 F. Supp. 408, 414 (N.D. Ind. 1988); *Brunswick Corp. v. Outboard Marine Corp.*, 297 F. Supp. 373, 374 (E.D. Wisc. 1969); *Lackner Co. v. Quehl Sign Co.*, 145 F.2d 932, 934 (6th Cir. 1944). This is due in large part because "an alleged infringer is interested not only in being absolved of liability for any claimed infringement but also in having the court reach a determination regarding the validity of the patent in suit." *Brunswick Corp.*, 297 F. Supp. at 374. Because the possibility exists that a court will dispose of an infringement suit without going into the validity of the patents at issue, allowing a counterclaim for declaratory relief assures that a patent's validity will be determined regardless of the outcome of the infringement suit. *See id.* While the Supreme Court has emphasized that "[t]he requirements of case or controversy [in a countersuit] are of course no less strict under the Declaratory Judgment[] Act than in case of other suits." *Altvater*, 319 U.S. at 363, the Court has also stated that "there is, *necessarily*, a case or controversy adequate to support jurisdiction of a . . . counterclaim" if a party has actually been charged with patent infringement. *Cardinal Chem. Co. v. Morton Int'l, Inc.*, 508 U.S. 83, 95 (1993); *accord Fort James Corp. v. Solo Cup Co.*, 412 F.3d 1340, 1348 (Fed. Cir. 2005)*; Qarbon v. eHelp*, 315 F. Supp. 2d 1046, 1050 (N.D. Cal. 2004); *Kudlacek v. DBC, Inc.*, 115 F. Supp. 2d 996, 1073 (N.D. Iowa 2000). Because MRSI has actually charged Bluespan with patent infringement, this court accordingly finds that Bluespan's counterclaims are viable under the Declaratory Judgment Act.

Rule 8(c) of the Federal Rules of Civil Procedure permits a court to treat a counterclaim as an affirmative defense "when a party has mistakenly designated a defense as a counterclaim." FED. R. OF CIV. P. 8(c); *see also Rayman v. Peoples Savings Corp.*, 735 F. Supp. 842, 851-53

(N.D. Ill. 1990) (denying defendants' motion for leave to file declaratory judgment counterclaim in a securities case because it was really an affirmative defense cast as a counterclaim). In patent infringement and validity cases, however, the Supreme Court has held that affirmative defenses are different than counterclaims and could have fundamentally different outcomes. *Cardinal Chem. Co.*, 508 U.S. at 93-94 ("[a]n unnecessary ruling on an affirmative defense is not the same as the necessary resolution of a counterclaim for a declaratory judgment"). The Court has explained that when invalidity is raised as a counterclaim, it must be adjudicated; however, if it is raised merely as an affirmative defense, such a ruling is unnecessary. *Id.*; *see also ABP Patent Holding v. Convergent Label Tech., Inc.*, 194 F. Supp. 2d 1257, 1270 (M.D. Fla. 2002) (declining to address merits of invalidity claim because it was raised only as an affirmative defense and not a counterclaim). Because the outcome of a patent claim can largely depend on whether it is formed as an affirmative defense or a counterclaim, the court finds that Rule 8(c) of the Federal Rules of Civil Procedure does not apply in this instance. Furthermore, because counterclaims are treated differently than affirmative defenses, MRSI's claim that Bluespan's counterclaims are "redundant" under Rule 12(f) of the Federal Rules of Civil Procedure is also without merit.

Finally, there is no indication that Bluespan's counterclaims will hinder or prejudice MRSI to any measurable degree. Because the issues presented by Bluespan's counterclaims are in line with those found within MRSI's Complaint, few judicial resources will be expended in assuring that all relevant claims are adjudicated. The court concludes that Bluespan's declaratory judgment counterclaims are a proper and appropriate method of assuring that the issues of patent infringement and validity are adjudicated in the most efficient manner possible.

4

**CONCLUSION**

For the foregoing reasons, and good cause appearing, IT IS HEREBY ORDERED that Plaintiff MRSI's Motion to Dismiss or Strike Counterclaims is DENIED. The oral argument on this motion, currently scheduled for October 11, 2006 at 3:00 p.m. is VACATED.

DATED this 20th day of September, 2006.

BY THE COURT:

_____
DALE A. KIMBALL
United States District Judge